IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES THOMAS DEVINS, | § § | |
| *Plaintiff,* | § § § | SA-23-CV-00152-OLG |
| vs. | § § | |
| UR M JADDOU, IN THE OFFICIAL CAPACITY AS DIRECTOR OF THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; | § § § § § § | |
| *Defendant.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion to Expedite Hearing [#9]. By his motion, Plaintiff, who is proceeding *pro se*, asks the Court to expedite the setting of a hearing on this matter no later than August 31, 2023. Defendant has filed a response in opposition [#10]. The Court will deny the motion.

This case seeks to compel a United States consular officer to issue a nonimmigrant student visa to Ms. Rita Raut, a citizen of Nepal. Plaintiff's Complaint states that he wishes to pay for Ms. Raut's college education in the United States so she can pursue her dream of becoming a social worker. Plaintiff's actions and the filing of this lawsuit are motivated by his deep religious convictions, and Plaintiff views the denial of Ms. Raut's visa as a denial of his freedom of religious expression. Defendant has moved to dismiss Plaintiff's Complaint for lack of lack of jurisdiction, arguing Plaintiff lacks standing to bring a constitutional claim based on his First Amendment right to free exercise due to the denial of Ms. Raut's student visa. Defendant also seeks dismissal based on the doctrine of consular non-reviewability, which

insulates the discretionary decisions of consular officers from judicial review. Finally, Defendant argues Plaintiff has sued the wrong defendant, as the proper defendant is the U.S. Department of State, not U.S. Citizenship and Immigration Services.

Plaintiff argues, despite the pendency of Defendant's motion to dismiss, the Court should set this case for a hearing on the merits because time is of the essence, as Plaintiff has a third visa interview on September 26, 2023. It is not this Court's practice to set cases for hearings on the merits at the outset of a case or while a motion to dismiss is pending. Plaintiff has not filed a motion for a temporary restraining order or a preliminary injunction asking the Court for preliminary relief. Nor has Plaintiff established a likelihood of success on the merits of his lawsuit such that would allow the Court to entertain either of these preliminary requests for relief had they been filed.

The motion to dismiss is fully briefed and ripe, as Plaintiff filed a response on May 9, 2023. The undersigned will issue a report and recommendation on the motion to dismiss for the District Court in the ordinary course of business. Plaintiff has not provided the Court with any basis to expedite his case or his entitlement to a hearing.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Expedite Hearing [#9] is **DENIED**.

SIGNED this 14th day of June, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE